UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:16-CR-00070 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| JACOB C. GREER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America (also referred to as "the Government"),

Defendant, Jacob C. Greer, and Defendant's attorney, enter into this Plea Agreement.

## A.   CHARGES

1.   <u>Subject Offense</u>. Defendant Greer will plead guilty to Count 1 of the

Indictment, that is, Receipt of Visual Depictions of Minors Engaging in Sexually

Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

Defendant also agrees to forfeiture of computer equipment and hard drives, as set

forth in paragraph 7(c) of this plea agreement and referenced in the Indictment.

2.   <u>Charges Being Dismissed</u>. If the Court accepts this Plea Agreement,

Count 2 of the Indictment, that is, Possession of Child Pornography, in violation of

Title 18, United States Code, Section 2252(a)(4)(B), will be dismissed at the time of

sentencing.   Defendant Greer understands that, even though Count 2 will be

dismissed, all relevant conduct, including the conduct that supports the charge in

Count 2, will be considered by the Court at the time of sentencing.

1

B.     **MAXIMUM PENALTIES**

3.     <u>Maximum and Mandatory Minimum Punishment</u>. Defendant Greer understands that the crime to which he is pleading guilty in Count 1 carries a mandatory minimum sentence of at least 5 years in prison and a maximum sentence of 20 years in prison; a maximum fine of $250,000; and a term of supervised release of at least 5 years up to a potential life term. A mandatory special assessment of $100 per count must also be imposed by the Court. In addition, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of not more than $35,000. Defendant Greer understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e). No one has promised Defendant Greer that he will be eligible for a sentence of less than the mandatory minimum.

4.     <u>Supervised Release--Explained</u>.  Defendant Greer understands that, during any period of supervised release or probation, he will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than two (2) years in prison, without any credit for time previously served.

5.     <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant Greer agrees to remain in custody following the completion of the entry of his guilty plea to await the imposition of sentence.

## C.   NATURE OF THE OFFENSE -- FACTUAL BASIS

6.   <u>Elements Understood</u>.   Defendant Greer understands that to prove the offense alleged under **Count 1 (Receipt of Visual Depiction of the Minors Engaging in Sexually Explicit Conduct)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a)   on or between as least approximately June 11, 2013, and November 28, 2014, Defendant Greer knowingly received computer files that contained visual depictions of minors engaged in sexually explicit conduct;

(b)   Defendant Greer knew that the visual depiction were of minors engaging in sexually explicit conduct; and

(c)   Defendant Greer received such visual depictions using a means or facility of interstate or foreign commerce, namely the Internet, and used computer devices that were manufactured and transported in interstate and international commerce to do so.

7.   <u>Factual Basis</u>.   As a factual basis for Defendant Greer's plea of guilty, he admits the following:

(a)   on or between at least approximately June 11, 2013, and November 28, 2014, Defendant Greer knowingly downloaded numerous computer files with images and videos showing minors, or children under the age of eighteen (18) years old, engaging in sexually explicit conduct, including lasciviously displaying their genitals and engaging in sexual intercourse;

(b)   Defendant Greer knew that the visual depictions he downloaded were of minors engaging in sexually explicit conduct;

(c)   Defendant Greer searched for, received, and stored some of these computer files on the Internet, and stored some of the images he received from the Internet on his Compaq Presario desktop computer (Serial Number 4CE9490MB4) and its Seagate hard drive (Serial Number 5VM4ZoGB);;

(d)   Defendant Greer used various computer programs and

3

applications to search for, collect, and trade child pornography via the Internet, an instrumentality of Interstate commerce;

(e) The Compaq Presario desktop computer was not manufactured in Iowa, and therefore was manufactured and transported in Interstate commerce;

(f) While on Pretrial Release, Defendant Greer violated his conditions of release by cutting off his electronic monitor, failing to appear, and fleeing the State of Iowa for over five (5) years to avoid prosecution. He also admitted possessing marijuana, and possessing a cell phone with Internet capabilities.

8. <u>Truthfulness of Factual Basis</u>. Defendant Greer acknowledges that the above statements are true. Defendant Greer understands that, during the change of plea hearing, the judge and the prosecutor may ask him questions under oath about the offense to which he is pleading guilty, in the presence of his attorney. Defendant Greer understands that he must answer these questions truthfully, and that he can be prosecuted for perjury if he gives any false answers.

9. <u>Waiver of Rule 410 Rights</u>. Defendant Greer expressly waives his rights under Fed. R. Evid. P. 410 and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against him. Should Defendant Greer fail to plead guilty pursuant to this Plea Agreement or move to withdraw his plea or to set aside his conviction, then these admissions may be used against him in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

4

10.   <u>Venue</u>.   Defendant Greer agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.   SENTENCING**

11.   <u>Sentencing Guidelines</u>. Defendant Greer understands that his sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, including, but not limited to, the following:

(a)   The base offense level of 22, as set forth in USSG §2G2.2(a)(2);

(b)   The 2-level enhancement for material involving prepubescent minors, as set forth in USSG §2G2.2(b)(1)

(c)   The 5-level enhancement for distributing child pornography in exchange for something of value, namely other child pornography, as set forth in USSG § 2G2.2(b)(3);

(d)   The 4-level enhancement for the offense involving sadistic/masochistic conduct and/or an infant or toddler, as set forth in USSG §2G2.2(b)(4);

(e)   The 2-level enhancement for use of a computer, as set forth in USSG §2G2.2(b)(6);

(f)   The enhancement for the number of images, as set forth in USSG §2G2.2(b)(7), to be determined by the Court;

(g)   The 2-level enhancement for obstructing justice, as set forth in USSG §3C1.1, due to Defendant Greer's flight to avoid prosecution while on pretrial release and his failure to appear.

Defendant Greer understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of

conviction.   Defendant Greer has discussed the Sentencing Guidelines with his attorney. Defendant Greer understands that the Government may argue for an upward departure under USSG §4A1.3(a)(1) due to his unlawful flight to avoid prosecution, which is a violation of 18 U.S.C. § 1073.

12.   <u>Acceptance of Responsibility</u>. The parties agree that Defendant Greer does not merit credit for acceptance of responsibility under USSG §3E1.1(a) due to his unlawful flight while on pretrial release, which was in order to avoid prosecution in this case, and because he obstructed the prosecution by doing so.

13.   <u>Presentence Report</u>.   Defendant Greer understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.   <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15.    <u>Evidence at Sentencing</u>.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.    <u>Sentence to be Decided by Judge -- No Promises</u>.   This Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(A). Defendant Greer understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.   Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what Defendant Greer's actual sentence will be.

17.    <u>No Right to Withdraw Plea</u>.   Defendant Greer understands that he will have no right to withdraw his plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what he anticipated, or if the sentencing judge declines to follow the parties' recommendations.

## E.   FINES, COSTS, FORFEITURE AND RESTITUTION

18.   <u>Forfeiture</u>. Defendant Greer agrees to forfeiture of the property referenced in the Indictment, and specifically listed in Paragraph 7(c) of this plea agreement. Defendant will execute any documents as directed by the Government to complete the forfeiture.

19.   <u>Waivers Regarding Forfeiture</u>.   Defendant Greer waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant Greer further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant Greer had survived and that determination shall be binding upon Defendant Greer's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20.   <u>Consent to Judgment of Forfeiture</u>.   Defendant Greer agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.   Defendant Greer agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant Greer understands

8

that the forfeiture of assets is part of the sentence that may be imposed in this case.

21.   <u>Fines and Costs</u>.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22.   <u>Special Assessment</u>.   Defendant Greer agrees to pay the mandatory special assessment of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. § 3013.

23.   <u>Restitution</u>.   Defendant Greer agrees that the Court should impose an order of restitution for all relevant conduct, including all conduct related to the dismissed count, in an amount to be determined by the Court.   Specifically, Defendant Greer agrees that the Court shall order restitution for the full amount of each victim's losses, which is no less than $3,000 per victim; that such order of restitution shall be due and payable immediately; and if Defendant Greer is not able to make full payment immediately, he shall cooperate while on supervised release with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.   Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

## F.   LIMITED SCOPE OF AGREEMENT

24.   <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant Greer for crimes occurring outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant Greer, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25.   <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

26.   <u>Sex Offender Registry</u>.   Defendant Greer understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   Defendant Greer also understands that independent of supervised release, Defendant Greer will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life.   Defendant Greer understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, or student status, or relevant information.   Defendant Greer shall comply with requirements to periodically verify in person his sex offender registration

10

information.   Defendant Greer understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   Defendant Greer further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.   As a condition of supervised release, Defendant Greer shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant Greer resides, is employed, works, or is a student, as directed by the Probation Officer.   Defendant Greer shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.   Defendant Greer shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

27.    <u>Trial Rights Explained</u>.   Defendant Greer understands that this guilty plea waives the right to:

(a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)    Confront and cross-examine adverse witnesses;

11

(e)     Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)     Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)     If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28.    <u>Waiver of Appeal and Post-Conviction Review</u>.    Defendant Greer knowingly and expressly waives any and all rights to appeal his conviction in this case, including a waiver of all motions, defenses and objections which he could assert to the charge, or to the Court's entry of judgment against him; except that both Defendant Greer and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law.    Also, Defendant Greer knowingly and expressly waives any and all rights to contest his conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.    These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

29.   <u>Voluntariness of Plea</u>.   Defendant Greer represents that his decision to plead guilty is Defendant Greer's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

30.   <u>Consultation with Attorney</u>.   Defendant Greer has discussed this case and this plea with his attorney and states that the following is true:

(a)   Defendant Greer states that he is satisfied with the representation provided by his attorney.

(b)   Defendant Greer has no complaint about the time or attention his attorney has devoted to this case nor the advice the attorney has given.

(c)   Although Defendant Greer's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant Greer's own decision.  Defendant Greer's decision to enter this plea was made after full and careful thought, with the advice of his attorney, and with a full understanding of Defendant Greer's rights, the facts and circumstances of the case, and the consequences of the plea.

13

## I.     GENERAL PROVISIONS

31.     <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

32.     <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33.     <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

34.     <u>Consent to Proceed by Video Conferencing.</u> Defendant Greer consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant Greer has had the opportunity to consult with his   attorney about the use of video or telephone technology in this case.

## J.     SIGNATURES

35.     <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not

been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_7-7-22_
Date

_Jacob Greer_
Jacob C. Greer, Defendant

36.   <u>Defendant's Attorney</u>.  I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.   I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_7/7/22_
Date

_Andrew Graeve_
Andrew Graeve,
Attorney for Jacob C. Greer
Assistant Federal Public Defender
Federal Public Defender's Office
Northern & Southern Districts of Iowa
400 Locust, Ste 340
Des Moines, IA 50309

Telephone: 515-309-9610
E-mail: Andrew_Graeve@fd.org

37.   <u>United States</u>.   The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

_____7/7/22_____          By:   _____
Date

Craig Peyton Gaumer
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone:   515-473-9300
E-mail: Craig.Gaumer@usdoj.gov

16